```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

ZACHARY CURRY,

        Plaintiff,

v.

                            Case No.   8:11-cv-1904-T-33MAP

BANK OF AMERICA, N.A.,

        Defendant.
_____/

## **ORDER**

This cause comes before the Court pursuant to Defendant's Unopposed Motion to Seal Motion for Summary Judgment (Doc. # 39), which was filed on September 11, 2012.  For the reasons that follow, the Court provisionally grants the Motion.

## **I.   Background**

Plaintiff filed this sexual harassment employment discrimination action against Bank of America on August 22, 2011.  Before filing this suit, Plaintiff brought a separate suit on March 15, 2010, which was dismissed without prejudice for lack of prosecution. (Curry v. O'Connor, et al., 8:10-cv-631-T-23AEP).  In the July 22, 2010, order dismissing the initial suit without prejudice, the presiding Judge ordered, "If the plaintiff re-files this action, the plaintiff shall not in any pleading, motion, exhibit, or other paper submit sexually explicit language or photographs or any other item

offensive to the dignity of the court." (8:10-cv-631-T-23AEP, Doc. # 52).

At this juncture, Defendant seeks to file its Motion for Summary Judgment and all exhibits thereto under seal "because the sexually explicit items that Plaintiff submitted in the first lawsuit, which this Court considered offensive to the dignity of the Court, have also been placed at issue in this case and are discussed at length and in detail throughout the Bank's Motion for Summary Judgment." (Doc. # 39 at 2). Plaintiff does not oppose the Motion to Seal.

## II. Analysis

In this district, the proponent of a motion to seal must include: (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason for sealing each item; (iv) the reason that a means other than sealing is unsatisfactory to preserve the interest advanced by the motion to seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of law.  See Local Rule 1.09, M.D. Fla.

In addition to the technical requirements of the Court's Local Rules, the law of the Eleventh Circuit requires a strong showing by the proponent of a motion to seal before the Court will deny public access to judicial proceedings.  As explained

in <u>Brown v. Advantage Engineering, Inc.</u>, 960 F.2d 1013, 1016 (11th Cir. 1992), "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case.  Absent a showing of extraordinary circumstances set forth by the district court in the record . . . the court file must remain accessible to the public." American courts recognize a general right "to inspect and copy public records and documents, including judicial records and documents." <u>Nixon v. Warner Comms., Inc.</u>, 435 U.S. 589, 597 (1978).

    The Eleventh Circuit has also noted, "The operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." <u>Romero v. Drummond Co.</u>, 480 F.3d 1234, 1245 (11th Cir. 2007)(internal citations omitted).

    Here, the Bank has generally satisfied the requirements of the Local Rules; however, because the Court has a duty to minimize the presence of sealed files, the Court determines it is appropriate to provisionally grant the Motion to Seal.  The Court will review the Motion for Summary Judgment and all exhibits *in camera* and will instruct the Clerk to make such

filings public, if, after review, the Court determines that the public's interest in having access to the case outweighs other considerations bearing on the dignity of the Court or the privacy interests of the litigants.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Unopposed Motion to Seal Motion for Summary Judgment (Doc. # 39) is provisionally **GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of September, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record

-4-