UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZACHARY CURRY,

       Plaintiff,

v.                                    Case No.:  8:11-cv-1904-T-33MAP

BANK OF AMERICA, N.A.,

       Defendant.

_____/

<u>**ORDER**</u>

This cause is before the Court pursuant to Defendant Bank of America's Dispositive Motion for Summary Judgment (Doc. # 42), filed on September 17, 2012. Plaintiff Zachary Curry filed a Response in Opposition to the Motion on October 10, 2012. (Doc. # 49).  As discussed below, the Court finds that Curry's Title VII and FCRA claims are time-barred. The Court therefore grants Bank of America's Motion.

**I.   Background**

Curry worked for Bank of America from February 2, 2009, to June 3, 2009, as a temporary employee placed through Select Staffing. (Doc. # 1 at ¶ 6; Doc. # 42 at 4, 11). Curry asserts that on February 20, 2009, he began working under the supervision of Jonothan O'Connor and Robert Sasser, a couple with whom he had been living. (Doc. # 1 at ¶ 7; Doc. # 42 at 4). Bank of America disputes that Sasser was Curry's supervisor, asserting that Curry reported to Nicole Moe; Curry

argues that Sasser had de facto authority based upon his close friendship with Moe. (Doc. # 42 at 5; Doc. # 49 at 3). O'Connor was an executive vice president. (Doc. # 49 at 3).

Curry alleges that O'Connor and Sasser directed "unwanted and unprovoked sexual advances" toward Curry in a manner "so provocative that Plaintiff does not wish to place them in a public filing." (Doc. # 1 at ¶ 8). In addition, "Curry received provocative and scandalous e-mails, pictures, and messages via 'Myspace' which continued throughout [his] employment with [Bank of America]." (Id. at ¶ 9). Bank of America contends that the conduct of which Curry complains was not unwelcome and in some instances Curry initiated the communications. (Doc. # 42 at 17).

Curry asserts that he reported the alleged abusive conduct to his supervisors and the Human Resources Department, and requested to move to a different department. (Doc. # 1 at ¶ 10.). According to Bank of America, however, Curry complained of harassment to Bank of America only after his termination and never complained to Select Staffing. (Doc. # 42 at 12). Curry concedes that when requesting the transfer he was "intimidated to disclose the extent of the harassment to Moe as she was Sasser's best friend and Sasser and O'Connor were lovers." (Doc. # 42 at 10; Doc. # 39 at 7).

2

Curry was terminated two days after his transfer request. (Doc. # 42 at 10). He contends that he would not have been terminated "but for his reporting of the unwanted sexual advances" and that his termination was effected with "malice or with [] reckless indifference" to his civil rights. (Doc. # 1 at ¶¶ 14-15.). Bank of America argues that poor performance and insubordination led to Curry's termination, and that Moe recommended terminating Curry's work assignment without discussing the matter with Sasser or O'Connor. (Doc. # 42 at 11).

Curry filed an EEOC Charge of Discrimination on July 9, 2009, alleging sexual harassment. (Doc. # 43-31). He received a right-to-sue letter from the EEOC on January 27, 2010 (Doc. # 43-34), then timely filed a pro se complaint against Bank of America and other defendants. <u>Curry v. O'Conner</u>, 8:10-cv-631-SDM-AEP (M.D. Fla. March 10, 2010). That lawsuit was dismissed without prejudice on July 22, 2010. (Doc. # 42 at 12). He then filed a second EEOC charge alleging sexual harassment and retaliation on September 3, 2010. (Doc. #43-32). On June 6, 2011, the EEOC sent a second right-to-sue letter that also dismissed the charge as untimely because it was filed more than a year after Curry's termination. (Doc. # 43-33).

Curry filed his Verified Complaint on August 22, 2011. (Doc. # 1).  In counts one and two, Curry alleges that Bank of America engaged in employment discrimination in violation of Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Florida Civil Rights Act (FCRA).  In count three, Curry seeks redress for intentional infliction of emotional distress. Bank of America filed a motion to dismiss (Doc. # 4) on September 14, 2011. The Court dismissed count three but otherwise denied the motion without prejudice because it referenced facts and legal actions outside the four corners of the Complaint. (Doc. # 19). Curry did not elect to amend the Complaint to reassert count three.

II.  **Legal Standard**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit

under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing there is a genuine issue for trial. See id.

### III. Analysis

Bank of America moves for summary judgment on the basis that Curry failed to satisfy the procedural prerequisites for his Title VII and FCRA claims. (Doc. # 42 at 12). Bank of America argues that Curry's second EEOC charge was untimely and thus cannot support his claims. (Id.). Curry's claims cannot be brought based upon the first EEOC charge, however, because they are time-barred and because they fall outside the scope of the first charge. (Id. at 13, 15). Bank of America

further asserts that Curry's sexual harassment and retaliation claims fail on the merits. (Id. at 16).

"Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge." Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996). The administrative charge must be filed within 300 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1).

Similarly, a plaintiff must timely file a charge of discrimination with the Florida Commission on Human Relations prior to filing suit alleging violations of the FCRA. Gillis v. Sports Authority, Inc., 123 F. Supp. 2d 611, 615 (S.D. Fla. 2000). Such a charge must be filed within 365 days of the alleged violation. Fla. Stat. § 760.11(1). A charge filed with the EEOC satisfies this requirement. Id.

After timely filing an EEOC charge, a plaintiff must file a lawsuit under Title VII within 90 days of receiving the EEOC's right-to-sue letter. 42 U.S.C. § 200e-5(f)(1). The 90-day deadline has been strictly enforced by the Eleventh Circuit. See Law v. Hercules, Inc., 713 F.2d 691, 692 (11th Cir. 1983) (barring claim filed on the 91st day).

A.   **Curry's Second EEOC Charge**

As noted above, Curry was terminated on June 3, 2009, and filed his second EEOC charge on September 3, 2010. Bank of America argues that this charge was untimely because it was filed more than a year after Curry's termination. Therefore, the present lawsuit cannot be based upon the second charge even though the Complaint was timely filed within 90 days of receipt of the second right-to-sue letter.

Curry attempts to salvage the second EEOC charge by arguing that it is an amended charge relating back to the first EEOC charge. EEOC regulations provide that a timely filed charge "may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein." 29 C.F.R. § 1601.12(b). Such amendments "will relate back to the date the charge was first received." Id. The Supreme Court has upheld this provision as applied to EEOC charges that lacked verification. Edelman v. Lynchburg Coll., 535 U.S. 106, 118 (2002). This is so because the charge and the verification serve two different functions, and need not be completed at the same time. Id. at 112-13; see also Wilson v. Sprint/United Mgmt. Co., No. 6:10-cv-1663, 2011 WL 2670184, at *5 (M.D. Fla. July 8, 2011) (explaining Edelman).

7

Curry's amended charge was not filed to cure such a
technical deficiency, however, and he offers no support for
the theory that the limitations period can be extended
indefinitely by simply amending an earlier charge. The Court
finds that Curry's second EEOC charge does not relate back to
the first and therefore was untimely.

Curry further argues that the second charge alleged "a
'continuing action,' meaning that the discrimination was still
ongoing." (Doc. # 49 at 14). The "continuing violation" theory
allows a plaintiff "to avoid the harsh consequences of the
limitations period." King v. Auto, Truck, Indus. Parts &
Supply Co., 21 F. Supp. 2d 1370, 1377 (N.D. Fla. 1998). In the
case of a continuing violation, all wrongful conduct that
occurred prior to the charge is actionable "so long as the
complaint is timely as to the last occurrence." Id. (internal
quotations and citations omitted).

"In determining whether a defendant's conduct constitutes
a continuing violation, the Eleventh Circuit distinguishes
between the 'present consequence of a one-time violation,
which does not extend the limitations period, and the
continuation of the violation into the present, which does.'"
Id. (quoting Beavers v. Am. Cast Iron Pipe Co., 975 F.2d 792,
796 (11th Cir. 1992)). "[A] plaintiff may not circumvent the

limitations period merely by labeling an act a 'continuing' violation. Completed acts such as a termination . . . are not acts of a 'continuing' nature. Rather, a plaintiff must maintain that a pattern of discrimination or an employment practice presently exists to perpetuate the alleged wrong." Jacobs v. Bd. of Regents, 473 F. Supp. 663, 669 (internal quotations and citation omitted).

Here, the "last occurrence" was the discrete, completed act of Curry's termination, and the second charge was not timely filed within 300 days of termination. "Once an employee leaves the company, he must comply with the charge-filing period, and the continuing violation doctrine will no longer save a late claim." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1223 n.12 (11th Cir. 2001). "If former employees were allowed to assert charges after [the deadline], the purpose of the statute of limitations would be undermined." Id. (internal quotations and citations omitted). Thus, the Court finds that the continuing violation theory does not save Curry's second EEOC charge.

**B.    Relation Back to the First Lawsuit; Equitable Tolling**

Curry's first EEOC charge was timely filed on July 9, 2009. However, Curry received a right-to-sue letter based upon

the first charge on April 27, 2010, and the instant lawsuit was not filed until August 22, 2011–well beyond the 90-day time limit. Bank of America thus contends that Curry cannot base the present lawsuit on the first charge.

Curry argues that the instant suit relates back to the allegations in the first lawsuit, presumably invoking Federal Rule of Civil Procedure 15(c). (Doc. # 49 at 14). However, "Rule 15(c) applies to amendments to pleadings within the same action." Cusworth v. Am. Airlines, Inc., No. 10-22150-CIV, 2011 WL 3269436, at *4 (S.D. Fla. July 29, 2011). "[I]t is well established that a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." Hunsinger v. Leehi Int'l., No. 08-14315, 2010 WL 2573948, at *3 (S.D. Fla. June 24, 2010). The Court finds that the present complaint does not relate back to the earlier lawsuit; thus, the first EEOC charge cannot serve as the basis for the instant claims.

Curry asserts that because his first lawsuit was timely, the limitations period should be equitably tolled. (Doc. # 49 at 15). He argues that equitable tolling should apply because Bank of America has had notice of the claims against it in the prior proceeding and would not be prejudiced. (Id. at 14-15). He further contends that equitable tolling is particularly

10

applicable here because his prior lawsuit was filed pro se and dismissed without prejudice. (Id. at 15).

The Eleventh Circuit, following Fifth Circuit precedent, has held that the limitations period in Title VII cases may be equitably tolled. Suarez v. Little Havana Activities, 721 F.2d 338, 340 (11th Cir. 1983). Nonetheless, "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly." Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) (internal quotation marks omitted).

In the Title VII context, equitable tolling has been justified when delays by the EEOC or the U.S. Postal Service have thwarted a plaintiff's efforts to meet the procedural requirements. See Suarez, 721 F.2d at 340. No such delays have been alleged, nor does the Court find any basis for the "extraordinary remedy" of equitable tolling. The fact that Curry's prior suit was dismissed without prejudice does not change this reasoning. "It is well settled that the filing of a complaint that is later dismissed without prejudice does not automatically toll the limitations period for a future complaint." Cusworth, 2011 WL 3269436, at *3 (citing Bost, 372 F.3d at 1232).

The Court is cognizant that Curry attempted to follow the procedural guidelines without the benefit of counsel in the

11

prior suit. However, the Supreme Court has cautioned that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Ctr. V. Brown, 466 U.S. 147, 152 (1984). "In the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980). This Court is bound to follow that directive and denies equitable tolling in this case.

## IV.   Conclusion

The Court finds that Curry's second EEOC charge was not timely filed within the limitations periods prescribed by 42 U.S.C. § 2000e-5(e)(1) and Fla. Stat. § 760.11(1) and thus cannot serve to satisfy the exhaustion of administrative prerequisites to his Title VII and FCRA claims. The Court further finds that Curry did not timely file the instant lawsuit within 90 days of receiving his first right-to-sue letter as required by 42 U.S.C. § 2000e-5(e)(1). The present action does not relate back to Curry's previous lawsuit and equitable tolling does not apply. The Court need not address Bank of America's other arguments. Because Curry's claims are

procedurally deficient, the Court grants summary judgment to Bank of America.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Bank of America's Dispositive Motion for Summary Judgment (Doc. # 42) is **GRANTED**. The Clerk is directed to enter judgment in favor of Bank of America. Thereafter, the Clerk is directed to terminate all deadlines and pending motions and close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of November, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

13